◼ Michael J. Petruzillo, Appellant, v Loyal Christian Benefit Association, Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Queens County, entered March 28, 1976, which granted defendant's motion to stay the action and to compel arbitration. Order affirmed, with $50 costs and disbursements. The contract upon which plaintiff is predicating this lawsuit contains an arbitration clause which provides that, in case of "any difference arising hereafter between the contracting parties with reference to any transaction under this agreement, it is specifically agreed that neither party can resort to legal action in any court but all differences, issues and conflicts shall be referred, to three arbitrators who must be persons experienced in life insurance business". We are not concerned with the merits of the dispute, but merely with the threshold question of whether this controversy is arbitrable. The verified complaint alleges that, by reason of respondent's breach of the agreement between the parties, appellant was prevented from recruiting and entering into contracts with special representatives on behalf of respondent, and that he was deprived of commissions on a substantial number of new policies which respondent returned to him. The agreement between the parties provided for the recruitment and training of special representatives, as well as for commissions to be paid on all new policies. The dispute between the parties certainly qualifies as a difference arising with reference to transactions under the agreement. Thus, this dispute is clearly within the purview of the arbitration clause. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.